882

Lorie ROBINSON and Shirley MORRIS *v.*
STATE of Arkansas

5794                                            489 S.W. 2d 503

Opinion delivered January 29, 1973

*R. W. Laster,* for appellants.

*Ray Thornton,* Atty. Gen., by: *Lonnie A. Powers,*
Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. The appellants, Lorie Robinson and Shirley Morris, were convicted in the Little Rock Municipal Court on the charge of indecent exposure and each was fined $50 and costs. On appeal to the circuit court the case was submitted to the trial judge sitting as a jury on the record made in the municipal court. The appellants were found guilty in circuit court and were fined $50 and costs.

The staute under which the appellants were charged, Ark. Stat. Ann. § 41-2701 (Repl. 1964) states as follows:

"Every person who shall appear in public places naked or partly so, with the intent of making a public exhibition of his nudity, or who shall make any obscene exhibition of his person shall be deemed guilty of a misdemeanor."

Ark. Stat. Ann. § 41-2702 (Repl. 1964) pertains to publicly exhibiting obscene or indecent pictures or figures and § 41-2703 provides penalty for the violation of the two previous sections as a fine of not less than $50. Sections 41-2704 through 41-2708 have to do with obscene literature.

Little Rock Police Officer Richard Duran and Lt. Pearson testified that they were admitted to the "Gaslite Club" in the Lafayette Hotel in Little Rock, upon the payment of $1.50 admission fee and there observed the female appellants appear on stage naked from the waist up. They testified that the appellants wore some type of gown when they first appeared on the stage; that they removed the gowns and were clad only in some "briefs" covering the lower part of their bodies. The officers testified that a male person then appeared on the stage and painted the appellants' breasts with a florescent paint, and that after their breasts were painted the appellants danced for approximately three to five minutes and then left the stage. The officers testified that after observing this performance twice at about one hour intervals they obtained arrest warrants and served the warrants on the appellants.

On appeal to this court the appellants first contend that the circuit court should have dismissed the charges of indecent exposure because there was no prior adversary hearing held to determine the issue of obscenity. Under this contention the appellants admit that most, if not all, of the cases concerning obscenity deal with books, photographs or films and relate to illegal searches and seizures. The appellants argue, however, that the First Amendment to the United States Constitution applies to all forms of expression, including the art of dancing, and that the arrest of the appellants constituted a prior restraint on the exercise of freedom of expression

forbidden by the First and Fourteenth Amendments to the United States Constitution.

In the Florida case of *Hoffman* v. *Carson,* 250 So. 2d 891, a go-go dancer was arrested for dancing naked under a statute similar to our own and we agree with the Florida Court when it said: "Appellant loses sight of the distinction between speech and conduct. The statute is not directed at First Amendment rights of free expression, nor does it concern itself with obscenity. . . ." The Florida Court then continues:

> "The United States Supreme Court has frequently recognized the distinction between conduct which may be regulated by the State and expression which may not be restricted except upon proof of obscenity." Citing *Roth* v. *United States,* 354 U. S. 476.

In the similar Alabama case of *Jones* v. *City of Birmingham,* 224 So. 2d 922, the Alabama Court of Appeals said:

> "The instant exposure of mammary prowess and endowment —while undoubtedly not within the *de minimis* rule—to be given First (and Fourteenth) Amendment protection must have been more than mere conduct."

We conclude, therefore, from the record before us, that the acts involved in the case at bar had nothing to do with the "exercise of freedom of expression," but consisted entirely of the conduct of appearing in a public place naked or partly so with the intent of making a public exhibition of nudity. In our opinion the painting of the female participants' breasts by a male participant added nothing to "freedom of expression," and that the acts here involved are subject to police regulation against indecent exposure.

The appellants next contend that Ark. Stat. Ann. § 41-2701 (Repl. 1964) is unconstitutional as applied to the appellants because it provides for no judicially superintended adversary proceedings with due notice and trial by jury to determine what is and what is not obscene. The appellants cite federal decisions in support of this contention and they might have also cited our own

decision in *Bullard* v. *State,* 252 Ark. 806, 481 S.W. 2d 363. However, in addition to the distinctions already pointed out, we are not dealing here with the exhibition of obscene pictures or the circulation of obscene literature as in the cases cited by the appellants and as was the situation in *Bullard,* but we are dealing here with the charged offense of appearing in a public place naked or partly so, with the intent of making a public exhibition of nudity.

The appellants next contend that Ark. Stat. Ann. § 41-2701 (Repl. 1964) is unconstitutional as written and applied to the appellants in that it discriminates against the appellants because of their sex. The appellants then argue that the male species of homo sapiens have from time immemorial gone about in public bare from the waist up, and that "not within the memory of man has any male been prosecuted originally for this offense." The same argument might well apply to the female species in many geographical areas of less organized or civilized societies where the intent to make a public exhibition of nudity is not involved. It is a matter of common knowledge that the male species of homo sapiens are not physically equipped for carrying out the specific exhibition with which the appellants were charged in this case. We know of no case, and none has been cited to us, where a male person has been tried and acquitted because of his sex under § 41-2701 or a similar statute, but certainly the statute as written is couched in the masculine gender (his nudity), and there is nothing to indicate that under proper facts and circumstances, a male person would be immune to prosecution for indecent exposure in violation of § 41-2701.

The judgment is affirmed.