**Karlee Christine KEW et al., Plaintiffs,**

v.

**Fred SENTER, Individually and as the City Attorney of the City of Lubbock, Texas, et al., Defendants.**

**No. CA–5–75–137.**

United States District Court,
N. D. Texas.
Lubbock Division.

July 14, 1976.

J. Q. Warnick, Jr., Anderson, Edwards & Warnick, Lubbock, Tex., for plaintiffs.

James P. Brewster, Lubbock, Tex., for defendants Fred Senter and J. T. Alley.

Joe B. Dibrell, Asst. Atty. Gen. of Tex., Austin, Tex., and Clinton E. Averitte, Asst. Atty. Gen. of Tex., Lubbock, Tex., for defendant Luke E. Robinson.

Before GEE, Circuit Judge, and WOODWARD and PORTER, District Judges.

## OPINION OF THE COURT

GEE, Circuit Judge:

The present case requires us to consider five plaintiffs' asserted first amendment rights to dance naked in public barrooms in violation of a state statute, as well as two proprietor-plaintiffs' rights to present their performances.

The jurisdiction of this court has been invoked under 42 U.S.C. § 1983 (1970) and 28 U.S.C. § 1343(3), (4) (1970). Plaintiffs seek declaratory and injunctive relief for the alleged deprivation, under color of law, of the rights, privileges, and immunities secured by the Constitution of the United States in the First and Fourteenth Amendments. Further, plaintiffs seek a declaration of rights, pursuant to 28 U.S.C. §§ 2201, 2202 (1970).

This case grows out of efforts by the City of Lubbock and the Texas Alcoholic Beverage Commission to bring criminal and administrative actions against certain individuals involved in "topless and bottomless" dancing in mixed beverage permit establishments in the City of Lubbock. Six of the original plaintiffs were professional dancers who earned their livelihoods by engaging in various forms of nude or semi-nude dancing; five remain so, and one has died. The other two plaintiffs are owners of establishments which, until December 1975, had been operating under mixed beverage permits. Defendants are two city officials and the Administrator of the Texas Alcoholic Beverage Commission.

During the six months before this suit was filed, Lubbock police officers and agents of the Texas Alcoholic Beverage Commission arrested and filed charges against plaintiffs Karlee C. Kew, Marcella Valenzuela, Ginger Jones, Louretta Curtis and Eva Mooreing under Tex.Penal Code Ann. § 21.08 and § 42.01(a)(2) and (10) (1974). Plaintiff Valenzuela has since died, and her case is moot. These charges are presently pending in Municipal Court of the City of Lubbock. Joyce Prisk, another plaintiff and also a professional dancer, is not the subject of pending criminal charges and has not been arrested under the above-mentioned statutes. Plaintiffs Ted Robbins and Wildfire Corporation have had their mixed beverage permits cancelled by the Texas Alcoholic Beverage Commission under Tex.Penal Code Ann. art. 666–12 (auxiliary laws), and their appeals from this action presently pend in state court.

Plaintiffs allege that these particular sections of the Texas Penal Code are unconstitutional facially and as applied to nude dancing and that they are violative of the right of free expression under the First and Fourteenth Amendments. The arrest procedures employed by defendants are alleged to have created a prior restraint and a chilling effect upon plaintiffs' rights of free expression. Plaintiffs allege further that defendants have made and will continue to make arrests in a manner that harasses and represses them. Accordingly, plaintiffs seek a declaration that Tex.Penal Code Ann. § 21.08 and § 42.01(a)(2) and (10) are unconstitutional, both facially and as applied to nude dancing; injunctive relief against future enforcement of these provisions and against their application to topless-bottomless dancing; and a declaration that topless-bottomless dancing is protected by the First and Fourteenth Amendments to the Constitution.

As to all dancer-plaintiffs except Joyce Prisk, we conclude that the pendency of state criminal proceedings requires our abstention. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). We find no evidence of harassment or other activity by the state of such a nature as to render *Younger* inapplicable. The same result is appropriate for the two owner-plaintiffs who are the subject of state proceedings involving their alcoholic beverage permits, proceedings "more akin to a criminal prosecution than . . . most civil cases." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975). Plaintiff Prisk, however, is not the subject of such proceedings, and though she is represented by counsel common to all plaintiffs and performs at the establishment of plaintiff Wildfire Corporation, the Supreme Court, in a similar situation, has concluded that each plaintiff is to be viewed as standing alone. *Doran v. Salem Inn,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). Certainly, if prosecuted and convicted, she will have to bear her punishment alone. Abstention on her claims is not appropriate. Nor can we determine with any assurance that she does not face a serious and credible threat of prosecution under the statutes she attacks; the evidence is to the contrary. *See Ellis & Love v. Dyson,* 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 274, 43 U.S.L.W. 4615 (1976). According to plaintiff Prisk's testimony at the hearing before this court, the conduct for which she claims constitutional protection consists of dancing entirely in the nude at "The Diamond Doll," a lounge or bar serving alcoholic beverages and oper-

ated by plaintiff Wildfire Corporation. It is stipulated that at the relevant times signs at the entrance of this lounge advertised that "topless and bottomless" dancing was performed inside. It is likewise stipulated that plaintiff Robbins, President of Wildfire Corporation, would testify—without dispute, as it happens—that security officers were on duty to prevent admission of minors at all times when "The Diamond Doll" was open, that "The Diamond Doll" does not make a profit when it operates without nude dancing, and that the dancers are instructed: (1) that they are permitted but not required to "go topless and bottomless," (2) that they must dance alone, and (3) that they must not touch or be touched by the clientele. This evidence, taken together with the arrest and prosecution of plaintiff Prisk's companions, suffices to remove her apprehensions of prosecution from the realm of the imaginative or speculative. She therefore has standing to challenge these statutes. *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

The Texas Penal Code sections which she attacks are:

§ *21.08.  Indecent Exposure*

(a) A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by this act.

Section *42.01.  Disorderly Conduct*

(a) A person commits an offense if he intentionally or knowingly:

* * * * * *

(2) makes an offensive gesture or display in a public place, and the gesture or display tends to incite an immediate breach of the peace;

(10) exposes his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act.

We commence with a recognition that the three statutes in question are primarily, if not exclusively, directed at nonverbal, phys-

ical conduct, an activity which Texas has greater constitutional power to regulate than speech in general—even speech depicting or describing the same conduct. *Miller v. California,* 413 U.S. 15, 26 n. 8, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The conduct involved here, moreover, is precisely that which the Supreme Court characterized in *Doran, supra,* as likely incorporating very little protected expression indeed.

In light of this recognition, plaintiff's challenge to the statutes for facial overbreadth is not compelling. It may be that one or more of the statutes in question could be applied to punish other conduct arguably protected by the First Amendment, such as application of Section 42.-01(a)(10) to a nude ballet; but where the behavior condemned falls so far down the scale toward conduct as that treated by these statutes and so far from "pure speech," overbreadth analysis becomes quite restricted. *Broaderick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). At this point on the speech-conduct spectrum, a conclusion that any of these statutes is facially overbroad would require a conclusion on our part that the amount of protected activity embraced by it is "substantial . . . judged in relation to the statute's plainly legitimate sweep." *Id.* at 615, 93 S.Ct. at 2918. This we are unable to do as to any of the statutes attacked. *Doran,* the sole controlling authority cited to us for this proposition, is readily distinguishable; it involves an ordinance making unlawful mere public display of the female bosom by waitresses, entertainers, etc. Moreover, the Supreme Court's decision there is not on the merits. The statutes here attacked need only be read for one to conclude that the conduct which they condemn is far more extreme, being in some instances of a sort which approaches if not reaches the actually obscene. *See Miller v. California, supra* 413 U.S. at 25, 93 S.Ct. 2607.

Nor are the statutes impermissibly vague. The two exposure provisions are rather explicit; moreover, plaintiff Prisk's

conduct falls so clearly within the core of each that she can scarcely have been without fair warning that it placed her at criminal risk. *See Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (upholding a sanction far less explicit, though in a military context).

■ As for plaintiff Prisk's assertion that the statute is invalid as applied to her nude barroom performance because of its expressive content, we are not impressed. As we have already noticed, the statutes in question are primarily directed at conduct and have only an incidental impact on "speech." As Chief Justice Warren, writing for the Court in *United States v. O'Brien*, 391 U.S. 367, 376–77, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968), observed:

We cannot accept the view that an apparently limitless variety of conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea. However, even on the assumption that the alleged communicative element in O'Brien's conduct is sufficient to bring into play the First Amendment, it does not necessarily follow that the destruction of a registration certificate is constitutionally protected activity. This Court has held that when "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. To characterize the quality of the governmental interest which must appear, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

The presence here of the first two elements of the Court's four-pronged test seems too plain for further discussion; regulation of indecent exposure and of conduct inducing to breaches of the peace are traditional and proper subjects of the police power and certainly are areas of respectable and substantial governmental interest. As for the latter two, it is difficult to conceive of ideas entitled to First Amendment protection which can be solely—or even best—expressed by baring the anus or genitals in the circumstances forbidden by the statutes. The governmental interest furthered by these enactments bears no necessary relation whatever to suppressing free expression. And the restriction, if any, worked by these statutes on First Amendment freedoms is incidental indeed. As we have noted, it is difficult to conceive ideas, the legitimate expression of which is significantly impeded by denial of such means. Moreover, when plaintiff Prisk invokes "as applied" she calls up the entire context of her performance—including dispensation of liquor by the drink and the greater scope and force with which that circumstance endows the police power. *See California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

■ The only remaining issue is plaintiff Prisk's claim that the police procedure, followed as to her companions, of arresting the performer after the performance operates as a prior restraint. As we understand the contention, it is that the arrest for the performance is "prior" in the sense that it occurs before there has been a judicial determination that the performance just completed was obscene. Though technically correct, the argument vanishes at the first breath of practicality. Prior restraints are not per se objectionable. They are generally disapproved because they reek of censorship. They *prevent* a presentation before it has been adjudged obscene, usually by refusal of a license or by seizure of materials, such as films, necessary to the performance. Here there is no licensing and no seizure. The performance itself cannot be seized; it

has occurred. The performer is seized, to be sure, but only after the performance has been delivered. Nor are future performances prevented, for the performer may post bail and resume her "expression" as quickly as logistics permit.

The above shall constitute the findings of fact and conclusions of law herein. The injunction heretofore entered will be dissolved. As to all plaintiffs except plaintiff Prisk, the cause will be dismissed without prejudice. Plaintiff Prisk will take nothing by her suit, and defendants are awarded their costs.