COMMONWEALTH *vs.* DIANA L. KOCINSKI
(and three companion cases[1]).

Norfolk.    November 10, 1980. — January 7, 1981.

Present: HALE, C.J., ROSE, & KASS, JJ.

*Obscenity.    Public Entertainment.*

At the trial of defendants charged with knowing dissemination of obscene
matter in violation of G. L. c. 272, § 29, evidence that a female dancer
at a lounge masturbated and lewdly exposed her genitals and that her
genitals, breasts and buttocks were touched by patrons as well as by
herself warranted a finding that the dance was obscene matter within
the meaning of of c. 272, § 31. [122-124]

At the trial of the owners and the bartender of a lounge for knowing
dissemination of obscene matter in violation of G. L. c. 272, § 29,
there was sufficient evidence to warrant a finding that the defendants
had knowledge of the obscene nature of performances by a dancer at
the lounge. [124]

COMPLAINTS received and sworn to in the Western Nor-
folk Division of the District Court Department on Septem-
ber 8, 1979.

On appeal to the jury session of the Northern Norfolk
Division of the District Court Department the cases were
tried before *Scannell, J.*

*Kenneth H. Tatarian* for the defendants.

*Richard G. Stearns,* Assistant District Attorney, for the
Commonwealth.

HALE, C. J.    This is an appeal from convictions after a
District Court trial before a jury of six on complaints charg-
ing knowing dissemination of obscene matter.    G. L. c. 272,
§ 29.    The defendants McKinney were the owners of a

---

[1] The companion cases are against Carl L. McKinney, Blanche P.
McKinney and Marc E. Miller.

lounge in Wrentham, the defendant Miller was the lounge's bartender, and the defendant Kocinski was a dancer who performed there. The only issue raised on appeal is the propriety of the denial of their motions for directed verdicts made at the close of the Commonwealth's case. All the defendants claim that the performances of the defendant Kocinski at the lounge were not obscene; the McKinneys claim that the Commonwealth did not prove knowledge on their part; and Miller claims that the Commonwealth did not prove that he disseminated obscene matter.

On this appeal we consider only the evidence introduced by the Commonwealth. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676 (1979). From that evidence the jury could have found, among other things (*Commonwealth* v. *Casale*, 381 Mass. 167, 168 [1980]), that on September 6 and 7, 1979, Kocinski and another dancer separately performed a series of dances. Each series, lasting fifteen to twenty minutes, was on a dance floor which was at the level of, or slightly above, the patrons' seating area. On both days each of the performers stripped to a G-string with a patch covering her vaginal area. Each dancer frequently touched her breasts, buttocks and vagina as she danced to juke box music. On September 6, as part of one of her dances, Kocinski exposed her vaginal area by sliding her patch to a position over her navel and "manipulating her vagina" as she was lying on the stage with her legs spread apart and her feet toward the audience. During another dance, she exposed her anus and moved in a rhythmic up and down motion while kneeling on a chair with her back toward the audience. During her performances, patrons, with the defendant Miller's active encouragement, put dollar bills in Kocinski's G-string and also inserted their hands, with dollar bills in them, underneath the patch covering her pubic area. Other patrons held out bills and, as Kocinski took them, fondled or kissed her breasts and buttocks. On September 7, Kocinski repeated the chair routine of the day before. She also exposed her vagina while leaning into a

chair and masturbated using a chair as a prop. Between the acts the dancers mingled with the patrons.

1. A dance can be "obscene matter." See *Commonwealth* v. *Plank*, 378 Mass. 465, 467 (1979). "Matter" is "obscene" if, taken as a whole,[2] it meets each of three standards.[3] The defendants claim that the dances do not violate the second and third standards. We consider the second standard first.

The evidence that Kocinski masturbated and lewdly exposed her genitals and that her genitals, breasts and buttocks were touched by patrons as well as by herself, establishes that her performance involved sexual conduct.[4] Sexual conduct is not obscene unless it is depicted in a patently offensive way. Offensiveness is to be determined with ref-

---

[2] According to G. L. c. 272, § 31, as amended by St. 1977, c. 917, §§ 4-6, a dance, in this case a fifteen to twenty minute dance routine, is matter. Thus it is to be considered as a whole, as it was in this case. The defendants claim that if the dance routine is the matter at issue here, then it was improper to allow the introduction of evidence that during an intermission a male patron partially disrobed on stage and was kissed on his bare buttocks as he was given a dollar bill by Kocinski. There was no objection to this evidence. See *Commonwealth* v. *Monsen*, 377 Mass. 245, 252 (1979). As an isolated, though vulgar, incident, we do not include it in our determination of the present case.

[3] The standards under G. L. c. 272, § 31, as appearing in St. 1974, c. 430, § 12, are: "(1) appeals to prurient interest of the average person, applying the contemporary standards of the commonwealth; (2) depicts or describes sexual conduct in a patently offensive way; and (3) lacks serious literary, artistic, political or scientific value."

[4] The statutory definition of sexual conduct is: "[H]uman masturbation, sexual intercourse actual or simulated, normal or perverted, or any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals, any depiction or representation of excretory functions, any lewd exhibitions of the genitals, flagellation or torture in the context of a sexual relationship. Sexual intercourse is simulated when it depicts explicit sexual intercourse which gives the appearance of the consummation of sexual intercourse, normal or perverted." G. L. c. 272, § 31, as appearing in St. 1974, c. 430, § 12.

erence to contemporary norms[5] of the Commonwealth. *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 385 (1976). This was a jury issue, which was decided in the affirmative, after the jury had received detailed and unobjectionable instructions from the trial judge. The jury's determination as to each complaint was supported by the evidence.[6] Contrast *Commonwealth* v. *Plank, supra* at 469.

While nude dancing is protected speech (*Commonwealth* v. *Sees*, 374 Mass. 532, 537 [1978]; *Plank, supra* at 469-470), when it is combined with "hard-core" sexual conduct it may lose its protected status. Conduct such as that found here has been disapproved by courts, e.g., patrons grabbing at a dancer (see *United Food Corp.* v. *Alcoholic Beverages Control Commn.*, 375 Mass. 238, 241-245 [1978]; *California* v. *LaRue*, 409 U.S. 109, 111 [1972]; compare *Sees, supra* at 534; *Plank, supra* at 469), lewd exposure of the genitals, particularly when accompanied by lewd conduct (see *Commissioner of Bldgs.* v. *Sidne Enterprises, Inc.*, 90 Misc. 2d 386, 391 [N.Y. Sup. Ct. 1977]; *People* v. *Ventrice*, 96 Misc. 2d 282, 286-288 [N.Y. Crim. Ct. 1978]), and masturbation or fondling oneself (see *Commonwealth* v. *Grant*, 7 Mass. App. Ct. 203, 204 [1979]; *People* v. *Better*, 33 Ill. App. 3d 58, 65 [1965]).

The defendants also argue that the Commonwealth was obliged to present expert testimony concerning the absence of serious literary, artistic, political or scientific value in the allegedly obscene matter. Mindful that the Supreme Judi-

---

[5] The defendants argue that the contemporary norms of the Commonwealth prohibit a conviction for sexual displays before an audience composed of consenting adults. This court has twice rejected that argument. *Commonwealth* v. *Mascolo*, 6 Mass. App. Ct. 266, 272-273 (1978). *Commonwealth* v. *Mascolo*, 7 Mass. App. Ct. 275, 277 (1979). [1979] 506, 508). We do so now for a third time.

[6] The testimony of the police officers was graphic and free from conclusions. Contrast *Plank, supra* at 469. It therefore provided a sufficient factual basis for the jury.

cial Court has noted the value of such testimony, 707 *Main Corp., supra* at 386, we reject the defendants' contention. The United States Supreme Court has observed that " 'barroom' nude dancing may involve only the barest minimum of protected expression." *Doran* v. *Salem Inn, Inc.,* 422 U.S. 922, 932 (1975). We have no doubt of the jury's ability to appraise the value of such performances without the aid of expert testimony. *Seattle* v. *Marshall,* 83 Wash. 2d 665, 667, cert. denied, 419 U.S. 1023 (1974). See *Paris Adult Theatre I* v. *Slaton,* 413 U.S. 49, 56 n.6 (1973).

2. As to the McKinneys' contention that the Commonwealth failed to show that they had had knowledge of the obscene nature of the performances, we note that a defendant must generally be shown to have been aware of the character of the matter. G. L. c. 272, § 31. Ownership and management alone do not give rise to an inference of knowledge of the nature of the matter being disseminated, *Commonwealth* v. *Rosenberg,* 379 Mass. 334, 341 n.7 (1979), but such roles are not without significance. Active management of a business which produces obscene materials will support an inference of knowledge. *Rosenberg, supra* at 344. *Hamling* v. *United States,* 418 U.S. 87, 124 (1974). The McKinneys were the managers and the live-in owners of the lounge and the attached motel and were frequently in the lounge area. Mr. McKinney observed obscene performances on the seventh of September. Contrast *Grant, supra* at 204. The McKinneys' employee, Miller, encouraged and cooperated with particularly offensive aspects of the performances. Compare *Boylston-Washington, Inc.* v. *Alcoholic Beverages Control Commn.,* 8 Mass. App. Ct. 396, 400 (1979). There was ample evidence from which the jury could have inferred that the McKinneys had been aware of the character of the performances.

3. There was also evidence from which the jury could have concluded that the defendant Miller, as stage manager and master of ceremonies of the performances, had "disseminated" the obscene matter. Compare *Morris* v. *United States,* 259 A.2d 337, 340 (Ct. App. D.C. 1969); *People* v.

*Better*, 33 Ill. App. 3d 58, 67 (1975); *Seattle* v. *Marshall*, 83 Wash. 2d at 672.

*Judgments affirmed.*