Hely, J.
I. INTRODUCTION
Shark Club, Inc. is a business corporation that operates a nightclub in New Bedford. It seeks a judgment declaring unconstitutional the city ordinance requiring a special permit for “adult” entertainment. Under the ordinance, an adult entertainment permit cannot be issued if the building is within certain zoning districts or if it is within 500 feet of a residential district, a school, a church, or another building used for adult entertainment. Because this geographic restriction makes the Shark Club ineligible for a permit, the plaintiff lacks standing to challenge the constitutionality of the remainder of the ordinance.
The case was submitted to the court for decision on a Stipulation of Agreed Facts. The court’s findings are based on the Stipulation and reasonable inferences that have been drawn from the stipulated facts.
The complaint sought both injunctive and declaratory relief. By agreement of the parties, the trial without a jury was advanced and consolidated with the hearing on the application for preliminary injunction. M.RCiv.P. 65(b)(2).
II. FINDINGS AND RULINGS
The plaintiff operates the Shark Club at 218 Coggeshall Street in New Bedford. The Shark Club holds a liquor license and an entertainment license, both issued by the City.
In May, 1994, the City Council adopted an ordinance entitled Special Permits for Adult Entertainment. The ordinance is part of the New Bedford Code of Ordinances. Under Section 9-207M of the ordinance, adult entertainment is defined as the appearance of any person on premises licensed under G.L.c. 138, sec. 181, orG.L.c. 140, sec. 183A, “inanymanner or attire as to expose to public view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, or any female in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof.”
Section 9-207M. 1 of the ordinance requires an adult entertainment special permit from the City Council for adult entertainment in buildings within the following zoning districts: Business Mixed Use; Business Planned; Industrial “A”; Industrial “B”; Industrial “C”; Waterfront Industrial; and Working Waterfront Overlay. The Shark Club is within a Business Mixed Use district.
The ordinance also contains two sets of geographical prohibitions. Section 9-207M-2(a) prohibits an adult entertainment special permit for any building within any residential district, the Bedford-Landing-Waterfront Historic District, or the Central Business District. The Shark Club is not within any of these excluded districts. Section 9-207M-2(b) prohibits an adult entertainment special permit for any building located within a radius of 500 feet of a residential district, a school, a church, or another building used for adult entertainment. It is this provision that has prevented the Shark Club from applying for an adult entertainment special permit.
The Shark Club is 430 feet from Our Lady of Perpetual Help Church. Because the Shark Club is less than 500 feet from a church, the parties agree that the Cify Council cannot issue it an adult entertainment special permit without violating Section 9-207M-2(b) of the ordinance. None of the other geographical restrictions in the ordinance bar the Shark Club from obtaining such a permit.
The Shark Club desires to offer at 218 Coggeshall Street adult entertainment as defined in the ordinance. Under the ordinance and the Rules and Regulations adopted pursuant to the ordinance, the Shark Club would normally have to file a completed application form, pay an application fee and go through a public hearing procedure with the City Council as prerequisites for obtaining an adult entertainment special permit. The plaintiff has not done so. The City has agreed to excuse these procedural failures because both parties agree that the Council is prohibited from issuing a permit due to the Shark Club’s location within 500 feet a church. Because of the parties’ agreement on this point, the court will treat the case as if the Shark Club had applied for a special permit and been rejected under Section 9-207M-2(b) solely due to its location within 500 feet of a church.
The Shark Club “concedes that the defendant may constitutionally establish such distance requirements” as the Section 9-207M-2(b) prohibition on adult entertainment permits for buildings within 500 feet of a church, school, residential district, or building used for adult entertainment. Plaintiffs Memorandum of Law in Support of Its Motion for Preliminary Injunction; Plaintiffs closing argument. The concession is appropriate. The distance and geographical restrictions in the ordinance do not violate the First Amendment of the United States Constitution or the free speech provision of Article 16 of the Massachusetts Declaration of Rights. Renton v. Playtime Theatres, Inc., 475 U.S. 41 (1986); Young v. American Mini Theatres, Inc., 427 U.S. 50 (1976); cf. Highland Tap of Boston, Inc. v. Boston, 26 Mass.App.Ct. 239, 242 (1988) (recognizing in dicta the “growing support for the right of municipalities through the use of their zoning power to limit adult entertainment to certain defined geographic areas”).
The Shark Club argues that the ordinance violates its free speech rights because it lacks specific standards for issuing adult entertainment permits. The plaintiff contends that City Council’s range of discretion is unconstitutionally wide and that the constitutional distance restriction cannot survive independently.
*160 The plaintiff lacks standing to challenge the provisions applicable to establishments that meet the district and distance requirements. “[0]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.” Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 502 (1985). The Shark Club’s claim ignores the “established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action . ..” Laird v. Tatum, 408 U.S. 1, 13 (1972).
The Shark Club does not own or operate any building, land or establishment in New Bedford that is within the permissible geographic areas for adult entertainment. The Shark Club’s interests have not been threatened, chilled or affected in the slightest way by the presence or absence of standards for issuing permits to eligible applicants. Due to the Shark Club’s particular location within the city, the City Council has no authority to issue it an adult entertainment permit regardless of what standards might be applied to geographically eligible establishments.
This is not a case of too much discretion. The City Council has no discretion whatsoever. When the building is within 500 feet of a residential district, a school, a church, or another building used for adult entertainment, the Council must refuse the special permit.
The cases relied on by the Shark Club involved parties whose free speech activities were blocked or directly threatened by excessively broad licensing discretion. In FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990), the adult entertainment businesses that were actually regulated by a licensing ordinance were found to have a sufficient First Amendment interest to raise a facial challenge to the indefinite postponement portions of the ordinance. 493 U.S. at 225. In the same case, however, none of the petitioners had standing to challenge provisions that did not affect them, such as the provisions disqualifying license applicants due to crime convictions or residence with a person who had had a prior license denied or revoked. 493 U.S. at 231-236. See Shuttlesworth v. Birmingham, 394 U.S. 147 (1969) (conviction for violating parade ordinance that gave unlimited discretion); cf. Commonwealth v. Sees, 374 Mass. 532 (1978) (conviction for protected nude dancing); Cabaret Enterprises, Inc. v. Alcoholic Beverages Control Commission, 393 Mass. 13 (1984) (license revocation for protected nude dancing).
In the present case, it is the concededly constitutional distance restriction, not any discretionary authority, that has prevented the Shark Club from obtaining a special permit. The Shark Club has not alleged that its interest in presenting adult entertainment at 218 Coggeshall Street has been adversely affected or even threatened by any aspect of the ordinance except the geographic distance requirement.
Because of this lack of standing to challenge the remaining provisions of the ordinance, it would be improper for the court to engage in a speculative inquiry on possible constitutional or unconstitutional interpretations of those provisions that do not affect the plaintiff. For the same reason, it is inappropriate to address a purely hypothetical question of whether the constitutional geographic distance restriction could stand if the rest of the ordinance fell. See Brockett, supra, 472 U.S. at 502-07 (lower court erred in facially invalidating moral nuisance statute in its entirely).
The Shark Club’s lack of standing precludes a constitutional challenge to the remainder of the ordinance under both the United States Constitution and Article 16 of the Massachusetts Declaration of Rights. Although nude barroom dancing has been ruled protected speech under the Declaration of Rights (Sees, supra), the court agrees with the Shark Club’s concession that the geographic restrictions in this case do not violate either the United States Constitution or the Constitution of the Commonwealth. No other provision in the ordinance affects the plaintiff. A declaratory judgment on those provisions would have no immediate impact on the rights of the Shark Club. United Oil Paintings, Inc. v. Commonwealth, 30 Mass.App.Ct. 958, 959 (1991).
The principle of avoiding issuance of abstract legal opinions “applies with special force where a declaratory judgment is sought on the constitutionality of a statute.” Quincy City Hospital v. Rate Setting Commission, 406 Mass. 431, 439 (1990). Declaratory judgment is “a vehicle for resolving actual, not hypothetical, controversies.” Id.
ORDER
The plaintiffs application for a permanent injunction after trial is denied.
A declaratory judgment will enter declaring as follows:
(1) The City Council of New Bedford is prohibited by Section 9-207M-2(b) of the Code of Ordinances, Chapter 9, Article II, from issuing Shark Club, Inc. an adult entertainment special permit for its establishment at 218 Coggeshall Street because the establishment is in a building within a radius of 500 feet from a church. Section 9-207M-2(b) is not unconstitutional under either the United States Constitution or the Constitution of the Commonwealth, and this section is a lawful and enforceable exercise of the authority of the City Council.
(2) Shark Club, Inc. does not have standing to challenge the constitutionality of the remainder of the ordinance entitled Special Permits for Adult Entertainment.