COMMONWEALTH *vs.* UNITED BOOKS, INC. August 30, 1984. *Obscenity,* Community standard. *Practice, Criminal,* Motion in limine. *Selective Prosecution.*

The corporate defendant was convicted on two complaints charging the dissemination of obscene material in violation of G. L. c. 272, § 29, as appearing in St. 1974, c. 430, § 9. Fines imposed on each count were stayed pending appeal. The convictions were based on the display in the defendant's private, coin-operated booths of two sexually explicit films, "American Girls" and "The Butler Did It."

1. There is no merit to United Books' claim that the trial judge improperly restricted defense counsel's examination of the complaining officer during a voir dire conducted on the defendant's motion to dismiss and so prevented it from demonstrating that the obscenity statute has been selectively enforced against the defendant's enterprise and against "peep shows" (as opposed to other forms of sexually explicit films) in general.

Defense counsel conducted a thorough cross-examination of the complaining officer which established, among other matters, the following: (a) the officer was aware that United Books since at least 1976 has been a business involved in "adult entertainment"; (b) between April, 1981, and the time of trial in October, 1982, the officer had obtained numerous complaints against the defendant for displaying obscene films at its store; (c) these complaints were obtained as part of an "on-going investigation . . . to . . . prosecute obscenity within . . . Worcester"; (d) in April, 1981, the officer obtained two complaints against the Myrtle Street Book Store, another "adult bookstore" in Worcester, for showing allegedly obscene "peep shows"; (e) other businesses in Worcester that formerly offered "peep shows" had been under investigation at the time they ceased doing business; (f) the complaining officer had brought a complaint against the Fine Arts Theater in Worcester for displaying an "X-rated" film, but had not brought complaints against various establishments that display nude dancing. Although the trial judge in his discretion might have permitted an answer to defense counsel's further question whether the officer had been directed by anyone "to seek any other complaints against United Books," the record nevertheless reveals that the issue had been fairly canvassed.

In any event, the evidence adduced establishes that United Books has not been imporperly selected for discriminatory prosecution. See *Commonwealth* v. *Franklin,* 376 Mass. 886, 894-895 (1978). At least one other business offering "peep shows" had been complained against, and several more investigated, all as part of a general effort by the Worcester police to enforce the anti-obscenity statute against "adult bookstores" and movie houses. Although United Books has apparently been the subject of a number of complaints in the Worcester courts, there is no indication that such prosecutorial persistence was motivated by anything other than a good faith belief that the defendant's violation of G. L. c. 272, § 29, was continuing. See *Commonwealth* v. *Franklin Fruit Co.,* 388 Mass. 228, 230-234 (1983).

2. The defendant asserts prejudicial error in the trial judge's allowance of the Commonwealth's pretrial motion in limine ordering "that the defendant refrain from arguing to the jury that because the films are viewed by *consenting adults* it constitutes either a defense or appropriate consideration for the jury in determining whether the defendant is guilty of dissemination of obscene matters." This motion is identical to that considered in *Commonwealth* v. *United Books, Inc.,* 389 Mass. 888, 900 (1983), where the court held the allowance of such a motion to be erroneous since "'the context' in which . . . allegedly obscene material . . . [is] disseminated, including the fact that it . . . [is] available to consenting adults, is an appropriate consideration in determining whether the material is obscene." *Id.* at 899.[1] The court in *United Books, supra,* however, found the error harmless since defense counsel's inability to use the words "consenting adults" did not, in the circumstances of that case, prevent the jury from being "adequately apprised of the context in which . . . [the allegedly obscene matter] was available in determining whether it was patently offensive." *Id.* at 899-900.

The defendant acknowledges that the factors which made harmless the allowance of the Commonwealth's motion in limine in *United Books, supra,* are present here as well. See the discussion in the *United Books* case at 899. Despite the virtual identity between the situation here and that discussed in *United Books,* the defendant argues that the allowance of the Commonwealth's motion in limine created here a substantial risk of a miscarriage of justice because the jury instructions, to which no objection was made at trial, did not adequately inform the jury of the significance of the context in which the defendant's films were available for viewing.

The jury were instructed, in part, that they "must look at the matter depicting hard core sexual conduct as a whole and see whether its dominant

---

[1] Whether the matter at issue has been viewed by consenting adults remains an "appropriate consideration" in the fact finder's determination of whether it is obscene, even though the fact of such consensual viewing may not operate as an absolute defense under G. L. c. 272, § 29. *Commonwealth* v. *United Books, Inc.,* 389 Mass. at 899. See also *Commonwealth* v. *Plank,* 378 Mass. 465, 469-470 (1979); *Commonwealth* v. *Kocinski,* 11 Mass. App. Ct. 120, 123 n.5 (1981); *New Palm Gardens, Inc.* v. *Alcoholic Beverages Control Commn.,* 11 Mass. App. Ct. 785, 795-796 (1981).

theme is one which goes substantially beyond customary limits of candor in appealing to a shameful or morbid interest in sex. In making its determination of this issue, the jury must use as its test the attitudes and standards of an average citizen of Massachusetts today. Not a particularly susceptible or sensitive person or a particularly insensitive person. You may not consider . . . what may be harmful to minors — that is, unmarried persons under the age of eighteen. In this case, it's an adult standard which you are to apply. You are not permitted to use your own attitudes and standards . . . as representative . . . of the average citizen of the Commonwealth, but you may use your knowledge and views of average people in their own community as an appropriate norm for deciding if a matter appeals to prurient interest in recognizing geographical differences, lifestyle differences and the diversity encased in films and the diversity in views concerning sexual matter."

These instructions, proper in themselves, dispel any concern that the jury were somehow misled, by defense counsel's inability to utter the phrase "consenting adults," into applying an improperly subjective standard in their determination of whether the films were obscene. See *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 384-385 (1976). See also *Smith* v. *United States*, 431 U.S. 291, 304 (1977).

3. The defendant's motions for a new trial raised no matters that have not already been discussed adequately above. Other issues originally raised were waived by counsel at oral argument.

*Judgments affirmed.*

*Denial of motions for new trial affirmed.*

*Regina L. Quinlan* for the defendant.
*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.