CABARET ENTERPRISES, INC. *vs.* ALCOHOLIC BEVERAGES
CONTROL COMMISSION & another[1]
(and a companion case[2]).

Suffolk.  April 4, 1984. — September 11, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Freedom of speech, Alcoholic liquors, Public enter-
tainment. *Alcoholic Liquors,* Entertainment. *Public Entertainment.*

General Laws c. 138, § 12B, prohibiting nude dancing by entertainers on
premises licensed to sell alcoholic beverages violated art. 16 of the
Massachusetts Declaration of Rights. [15-18] HENNESSEY, C.J., concur-
ring; NOLAN, J., with whom LYNCH, J., joins, dissenting.

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on June 11, 1982.

The cases were heard by *Andrew G. Meyer,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*John P. Graceffa,* Assistant Attorney General, for the de-
fendants.

*H. Glenn Alberich* for the plaintiffs.

O'CONNOR, J. These cases present the question whether art.
16 of the Declaration of Rights of the Massachusetts Constitu-
tion prohibits a city licensing board from revoking an establish-
ment's all-alcoholic beverages license because of a violation
of G. L. c. 138, § 12B. That statute, when accepted by a
municipality, prohibits nudity on premises licensed under G. L.
c. 138, § 12, and provides for enforcement by the Alcoholic
Beverages Control Commission (commission) and the local
licensing authorities. We hold, as did a judge of the Superior

---

[1] The licensing board of the city of Peabody.

[2] D. & B. Corp. *vs.* Alcoholic Beverages Control Commission & Licens-
ing Board of the City of Peabody.

Court, that in the circumstances of these cases the application of § 12B to revoke the plaintiffs' all-alcoholic beverages licenses was unconstitutional under art. 16. Therefore, we affirm the judgment below.

The plaintiffs, Cabaret Enterprises, Inc. (Cabaret), and D. & B. Corp. (Golden Banana) are Massachusetts corporations. Cabaret and Golden Banana are "lounges" in the city of Peabody. The licensing board of Peabody (board) issued each plaintiff an all-alcoholic beverages license for 1982, pursuant to G. L. c. 138, § 12, as well as common victuallers license and an entertainment license, also for 1982, pursuant to G. L. c. 140. On February 25, 1982, the city council of Peabody voted to accept the provisions of G. L. c. 138, § 12B, inserted by St. 1981, c. 606. That section, as appearing in St. 1983, c. 636, § 25, provides: "In any city or town which accepts the provisions of this section, no licensee licensed under the provisions of section twelve, shall suffer or permit any person to appear on said licensed premises in any manner or attire as to expose to public view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, or shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof. Any violation of the provisions of this section shall be enforced by the alcoholic beverage control commission and the local authorities."

In March, 1982, the Peabody police observed nude dancing at the Golden Banana and the Cabaret. There is no contention that the performances were obscene. The patrons were forewarned of the nude dancing. There was no mingling between the performers and the patrons. On March 22, 1982, the plaintiffs received notice from the board that a hearing would be held on April 5, 1982, to determine whether the plaintiffs were violating G. L. c. 138, § 12B. At that hearing, the board found that the plaintiffs had violated § 12B and voted to revoke their all-alcoholic beverages licenses. The board agreed to stay the revocation of the licenses pending review by the commission.

After a hearing, the commission affirmed the board's revocation of the licenses. The plaintiffs then filed complaints in the Superior Court against the commission and the board challenging the constitutionality of G. L. c. 138, § 12B, under the Massachusetts and United States Constitutions, and seeking injunctive relief against the statute's enforcement. The complaints concerned different licensees but were otherwise identical. The plaintiffs alleged that the revocation of their licenses constituted (1) a violation of their rights of free expression under the State and Federal Constitutions, (2) a "restriction or a restraint on trade" in violation of the Federal Constitution and laws thereunder, (3) a violation of State and Federal equal protection and due process safeguards, and (4) a violation of G. L. c. 12, § 11H and 11I, in that the defendants had interfered with the plaintiffs' enjoyment of rights secured by the Constitution or laws of the United States and of the Commonwealth. The parties stipulated that the license revocations should be stayed pending a decision in the Superior Court.

After a hearing, a judge of the Superior Court ruled that G. L. c. 138, § 12B, as applied to the plaintiffs, is unconstitutional under art. 16. A judgment was entered enjoining the board from enforcing its "rulings with respect to suspending, revoking or restricting the operations of the Cabaret's or the Golden Banana's all-alcoholic beverages licenses or interfering with live dancers, cabarets and public shows offered at either establishment consisting of dance performances accompanied by live or pre-recorded music, whether by arrest, threats of arrest or prosecution, actions or threats of actions against licenses held by plaintiffs over which the Board may exercise control, or by any other form of intimidation or coercion." The commission appealed in both cases and we granted the commission's application for direct appellate review.

The United States Supreme Court has recognized nude dancing as a form of expression that is entitled to some measure of protection under the First and Fourteenth Amendments to the United States Constitution. *New York State Liquor Auth.* v. *Bellanca,* 452 U.S. 714, 716 (1981). *Doran* v. *Salem Inn, Inc.,* 422 U.S. 922, 932-934 (1975). *California* v. *LaRue,* 409

U.S. 109, 118 (1972). The Supreme Court has held, however, that a State may regulate such entertainment on premises that are licensed to sell alcoholic beverages without violating the United States Constitution. In arriving at that conclusion, the Court has relied, at least partially, on the broad powers of the States to regulate the sale of liquor conferred by the Twenty-first Amendment to the United States Constitution. *New York State Liquor Auth.* v. *Bellanca, supra* at 717-718. *California* v. *LaRue, supra* at 118-119.

In *Commonwealth* v. *Sees,* 374 Mass. 532, 536 (1978), we recognized that the Supreme Court had held that a State can ban nude dancing as part of its liquor license program without violating the United States Constitution. We held, however, that art. 16[3] prohibited the application of an ordinance of the city of Revere[4] in such a way as to make criminal the employment of female dancers, clad only in "G-strings," on premises licensed to sell alcoholic beverages. *Id.* at 537-538.[5] We reasoned that art. 16 does not expressly distinguish "between free speech in a bar and free speech on a stage, and no provision of our Constitution gives a preferred position to regulation of alcoholic beverages." *Id.* at 537. For the purpose of assessing the amount of protection to which nude dancing is constitution-

---

[3] The free speech provision of art. 16, as amended by art. 77 of the Amendments, provides: "The right of free speech shall not be abridged."

[4] Revere Rev. Ords. c. 13, art. 3, § 13-26 (1972): "The following acts or conduct in or on premises licensed in accordance with Chapter 140, Sec. 181 or Sec. 183A are deemed contrary to the public need and to the common good and therefore no license shall be held for the sale of alcoholic beverages to be served and drunk on the licensed premises where such acts or conduct are permitted.

"(a) It is forbidden to employ or permit any person in or on the licensed premises while such person is unclothed or in such attire as to expose to view any portion of the areola of the female breast or any portion of the pubic hair, cleft of the buttocks, or genitals."

[5] After the Supreme Court held that New York's statute prohibiting topless dancing at licensed premises was valid under the United States Constitution, *New York State Liquor Auth.* v. *Bellanca, supra,* the New York Court of Appeals, on remand, held that the statute was invalid under the Constitution of the State of New York. *Bellanca* v. *New York State Liquor Auth.,* 54 N.Y.2d 228 (1981), cert. denied, 456 U.S. 1006 (1982).

ally entitled, we declined in *Sees* to distinguish between bar-room-type nude dancing and performances of greater artistic or socially redeeming significance. We concluded that, whatever the artistic merit of the performance might be, it could not be suppressed in the circumstances presented by that case. We noted that we were not there concerned with a topless waitress, with the imposition of nudity on an unsuspecting or unwilling person, with performers mingling with other employees or patrons, or with obscenity. *Id.* at 537-538. The fair import of what we said in *Sees* is that art. 16 does not permit the prohibition of nonobscene nude dancing on licensed premises in the absence of a demonstrated countervailing State interest.

There is no significant distinction between *Commonwealth* v. *Sees, supra,* and the present case. Here, as in *Sees,* there is no contention that the performances were obscene. The patrons were forewarned, and there was no mingling. Also, the judge's memorandum of decision contains the unchallenged statement that "there is no evidence that either the Cabaret or the Golden Banana has been the source of crime such as drug distribution or disorderly conduct or assaults or sexual improprieties." Here, as in *Sees,* the record fails to demonstrate justification for the imposition of a restraint on the exercise of a right guaranteed by art. 16.

The commission attempts to distinguish this case from *Sees* on the ground that the ordinance in *Sees* imposed a criminal penalty for its violation whereas here the violation results only in loss of a license, a sanction which is civil in nature. We think, however, that whether the consequence of presenting nude entertainment on licensed premises is criminal or civil in nature, in either event the freedom guaranteed by art. 16 is restrained, and the restraint is impermissible in the absence of a demonstration in the record or by legislative history that there is a rational basis to conclude that such a restraint is required for the protection of the public.

The commission also argues that G. L. c. 138, § 12B, "is a generic licensing law" and that we "should analyze the statute as an expression of the state liquor police power and not as a

measure to directly or indirectly regulate or discipline the conduct of nude dancing." The commission would distinguish the present case from *Sees* by viewing G. L. c. 138, § 12B, as regulating liquor sales, and viewing the ordinance considered in *Sees* as regulating nude performances. However, although the statute and the ordinance provide different sanctions for violation, both laws prohibit, and therefore regulate, nudity on licensed premises. It cannot fairly be said that the statute regulates liquor sales but not nudity, and the ordinance regulates nudity but not liquor sales.

In view of our conclusion that the application of G. L. c. 138, § 12B, to the plaintiffs, resulting in the revocation of their all-alcoholic beverages licenses, violated their rights under art. 16, it is unnecessary for us to consider other contentions of the plaintiffs.

*Judgments affirmed.*

HENNESSEY, C.J. (concurring). The court has decided this case based largely upon *Commonwealth* v. *Sees*, 374 Mass. 532 (1978). I dissented in that case, and I still believe it was wrongly decided. Having thus reiterated my personal view, I concur in the decision of the court, because *Sees* established the applicable law, albeit over my dissent.

NOLAN, J. (dissenting, with whom Lynch, J., joins). What must the muses be thinking when the court once again holds that barroom dancing in the nude is free speech? Terpsichore must be uncomfortable at the jurisprudence which makes her art form "free speech" when performed nude in a cabaret.

Regrettably, the court continues to deny the right of communities to protect themselves from all the dangers that can flow from that mischievous mixture of nudity and alcohol on licensed premises.

I dissent for the reasons stated by Chief Justice Hennessey and Justice Quirico in *Commonwealth* v. *Sees*, 374 Mass. 532,

538, 540 (1978). I do not dispute that conduct as well as speech can communicate ideas and as such may be protected activity under art. 16 of the Massachusetts Declaration of Rights. The activity that the majority finds entitled to the protection of art. 16 is, in this case as well as in *Commonwealth* v. *Sees, supra* (which the majority finds controlling), characterized as "nude dancing." I would concede that the citizens of the Commonwealth have the right, while either clothed or in the nude, to communicate ideas. I would also agree with the court that dancers frequently communicate ideas to their audiences in the course of their performances. However, merely characterizing conduct as dancing is not enough to confer upon such conduct the protections afforded speech by art. 16. I would require something more than a showing that the performer was moving her feet or other portions of her anatomy to the accompaniment of music before conceding that communication between the "dancer" and the audience was taking place.