T & D VIDEO, INC. *vs.* CITY OF REVERE & others.[1]

Suffolk. November 8, 1995. - September 24, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Injunction. Practice, Civil,* Preliminary injunction. *Constitutional Law,* Zoning, Freedom of speech and press. *Zoning,* Validity of by-law or ordinance.

A Superior Court judge correctly concluded that a municipality did not demonstrate that certain "adult entertainment ordinances," regulating landscaping, setback, lot size and signage with respect to certain entertainment establishments, bookstores, video stores and theaters, were designed to serve a substantial government interest and further the judge correctly concluded that, in the circumstances, the ordinances foreclosed the possibility of any such establishment's opening, in violation of its rights under the First Amendment to the Constitution of the United States. [580-582]

A Superior Court judge did not abuse her discretion in preliminarily enjoining the enforcement of certain municipal "adult entertainment ordinances," where the plaintiff, a video store, demonstrated a likelihood of success on the merits in its challenge to the ordinances and where the judge properly concluded that the likely infringement by prior restraint of the plaintiff's First Amendment rights as a result of enforcement of the ordinances constituted irreparable harm and that the municipality was unlikely to suffer irreparable harm by the location of an additional video store offering adult videos pending trial of the plaintiff's action. [582-583]

CIVIL ACTION commenced in the Superior Court Department on November 16, 1994.

A motion for a preliminary injunction was heard by *Margot Botsford,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court granted an application for direct review.

*Ira H. Zaleznik* for the defendants.

*H. Glenn Alberich* (*Thomas Fenerty* & *Eileen M. Fava* with him) for the plaintiff.

___

[1] Zoning Board of Appeals of Revere, individual members of the zoning board, and the building inspector of Revere.

O'CONNOR, J. We granted the defendants' application for direct appellate review of an order entered in the Superior Court preliminarily enjoining the defendants from "asserting, enforcing or relying on any provisions of the so-called 'Adult Entertainment Ordinances,' Sections 17.08.065 through 17.08.069 and Section 17.16.045 of the Revere Revised Zoning Ordinance, to prevent, restrict or restrain [T & D Video, Inc.,] from opening and operating its store or from selling non-obscene adult videos and related goods at the store." T & D Video, Inc. (T & D), argues that enforcement of those ordinances would prevent T & D from opening and operating an adult video store and thus would violate its right to free speech guaranteed by the First Amendment to the United States Constitution and art. 16 of the Declaration of Rights of the Massachusetts Constitution, as amended by art. 77 of the Amendments.

We summarize the facts as set forth in the memorandum of decision of the judge who issued the preliminary injunction. In September, 1993, T & D entered into a lease of premises at 55 American Legion Highway in Revere, and began interior construction to prepare the space for use as a retail adult video store. On September 14, Thaddeus Drabkowski, president of T & D, sought a business certificate from Revere. He was told that he could not obtain the certificate unless he signed an affidavit stating that no adult videos or related material would be sold at the store. Although Drabkowski refused to sign such an affidavit, the requested business certificate was issued. However, also on September 14, Revere's building inspector caused a stop work order to be issued. Several weeks later, the inspector allowed construction to resume. Work on the proposed video store was completed by the third week of October, 1993.

On September 16, 1993, the mayor of Revere submitted to the city council a draft proposal for ordinances that would impose adult entertainment zoning restrictions. The city council adopted the proposed ordinances on November 8. Section 17.16.045 of the adult entertainment ordinances provides that "[a]dult entertainment establishments, adult bookstore[s], adult videostore[s], adult motion picture theatre[s] and advertising signs or devices" may be allowed by special permit in the "I" district in conformance with the following minimum criteria:

"A. Adult Entertainment establishments, adult bookstore, adult videostore, adult motion picture theatre and advertising signs or devices may not be located less than one thousand feet from the nearest lot line of: each other; public or private nursery schools; public or private day care centers; public or private kindergartens; public or private elementary schools; public or private secondary schools; playgrounds; parks; conservation areas; churches; residential uses; and residential districts.

"B. A thirty foot wide landscaped strip shall be provided along the property line fronting a public or private way.

"C. Adult entertainment establishments, adult bookstores, adult videostores, adult motion picture theatres and advertising signs or devices are to be limited to lots greater than twenty-five thousand square feet but not more than forty thousand square feet.

"D. Adult entertainment establishments, adult bookstores, adult videostores, adult motion picture theatres and advertising signs or devices may not be allowed within a multiuse building or building containing other retail or consumer uses.

"E. All advertising signs and adult entertainment uses, adult bookstores, adult videostores and adult motion picture theatres shall not be located within one hundred feet of a public or private way and must be set back a minimum of one hundred feet from all property lines.

"F. No adult use advertising sign shall contain any moving, flashing or animated lights, or visible moving or movable parts."

Sections 17.08.065 through 17.08.069, define terms used in § 17.16.045.

On August 15, 1994, the city issued T & D a certificate of acceptance and occupancy for retail use bearing the words "no adult entertainment." On September 1, the building inspector denied T & D's application for a sign permit because the store did not comply with the adult entertainment ordinance's 1,000 foot property line setback provision and multi-use building restriction. The denial also notified T & D that its intended use was not allowed at 55 American Legion Highway. T & D appealed from the building inspector's denial of its permit application to the zoning board of appeals of Revere, which unanimously affirmed the denial of the permit after a hearing.

After the issuance of the preliminary injunction, the defendants filed a petition for relief pursuant to G. L. c. 231, § 118, first par. (1994 ed.). A single justice of the Appeals Court summarily denied the petition. The defendants then appealed from the order in the Superior Court to a panel of the Appeals Court pursuant to the second paragraph of c. 231, § 118. We then granted the defendants' application for direct appellate review.

"The issuance of a preliminary injunction generally rests within the sound discretion of the judge, *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 472-473 (1975), after a combined evaluation of the moving party's likelihood of success on the merits, its claim of injury, and finally, a balancing of the competing harms to each party. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 615 (1980). Our review, then, must focus on whether the lower court applied the proper legal standard and whether the record reasonably supports the lower court's factual determinations. *Id.* As we noted in *Cheney, supra* at 615-616, 'in assessing whether a judge erred in granting or denying a request for preliminary injunctive relief, we must look to the same factors properly considered by the judge in the first instance.' " *General Accident Ins. Co.* v. *Bank of New England-West, N.A.,* 403 Mass. 473, 475 (1988).

Entertainment in the form of motion pictures is within the protection of the First Amendment, *Schad* v. *Mount Ephraim,* 452 U.S. 61, 65 (1981). Moreover, nude dancing at commercial establishments (and, a fortiori, as depicted in movies) "is expressive conduct within the outer parameters of the First Amendment, though . . . only marginally so." *Barnes* v. *Glen Theatre, Inc.,* 501 U.S. 560, 566 (1991). *California* v. *LaRue,* 409 U.S. 109, 118 (1972). *Cabaret Enterprises, Inc.* v. *Alcoholic Beverages Control Comm'n,* 393 Mass. 13, 15-17 (1984). *Commonwealth* v. *Sees,* 374 Mass. 532, 536-537 (1978). The sale of nonobscene "adult" videotapes, then, is entitled to protection. The issue here is whether Revere's "adult entertainment ordinances" impermissibly infringe on the protection to which that form of expression is entitled, *Barnes* v. *Glen Theatre, Inc., supra* at 566.

The threshold inquiry regarding a First Amendment challenge to a zoning ordinance is whether the ordinance in question is content based or content neutral. The Supreme Court

"has long held that regulations enacted for the purpose of restraining speech on the basis of its content presumptively violate the First Amendment. . . . On the other hand, so-called "content-neutral" time, place, and manner regulations are acceptable so long as they are designed to serve a substantial governmental interest and do not unreasonably limit alternative avenues of communication." *Renton* v. *Playtime Theatres, Inc.,* 475 U.S. 41, 46-47 (1986). The Superior Court judge acknowledged that T & D's contention that the "Adult Entertainment Ordinances" is content based is not without merit. She also recognized, however, that the defendants' contention that the ordinances are content neutral "has some force." The judge did not resolve that controversy but, favorably to the defendants, assumed without deciding that the ordinances are content neutral, and proceeded to the next step in her analysis.

Evidence concerning the governmental interest underlying a time, place and manner (content-neutral) ordinance is relevant only when it consists of information that the city council considered in making its determination to enact the ordinance. *Krueger* v. *Pensacola,* 759 F.2d 851, 855 (11th Cir. 1985) ("The government must also show that the articulated concern had more than merely speculative factual grounds, and that it was actually a motivating factor in the passage of the legislation"). *Basiardanes* v. *Galveston,* 682 F.2d 1203, 1215 (5th Cir. 1982). Mere conclusions asserted after an ordinance's enactment regarding the secondary effects of adult entertainment facilities or merchandise are insufficient to show that the ordinance was designed to serve a substantial governmental interest. See *Mitchell* v. *Commissioner of the Comm'n on Adult Entertainment Establishments of Del.,* 802 F. Supp. 1112, 1121 (D. Del. 1992).

In the instant case, the judge observed that "Revere made no attempt to justify its Adult Entertainment Ordinances by reference to the secondary effects of sexually oriented businesses while the ordinances were under consideration by the City Council. The legislative record is barren. Neither did Revere seek to explain the intent and purpose of the ordinances within the context of the Ordinances themselves. Revere's only effort at defining the purpose and intent of the Ordinances came during this litigation, well after enactment and enforcement of the laws." Our review of the record

confirms the soundness of the judge's conclusions. The judge did not abuse her discretion in determining that the defendants failed to show that the adult entertainment ordinances were "designed to serve a substantial governmental interest." *Renton* v. *Playtime Theatres, Inc., supra* at 47.

Moreover, the judge was not satisfied that the ordinances meet the requirement that alternative avenues of communication not be unreasonably limited. *Renton, supra* at 46-47. She noted that the ordinances contain "minimum criteria" to be met within a small area of Revere's "I" district (industrial zone) which "taken together, all but foreclose the possibility of opening and operating any of the enumerated adult uses in the city of Revere." The judge's conclusions in this regard are supportable on the record. Thus, her evaluation of the ordinances as denying T & D reasonable alternative avenues of communication stands.

Having evaluated T & D's likelihood of success on the merits, we turn briefly to a consideration of the competing harms to each party. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 616 (1980). We conclude that the judge did not abuse her discretion in evaluating Revere's likely infringement of T & D's First Amendment right as irreparable harm. *Elrod* v. *Burns,* 427 U.S. 347, 373-374 (1976) (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). *Romero Feliciano* v. *Torres Gaztambide,* 836 F.2d 1 (1st Cir. 1987) (given the finding that civil servant was likely to succeed on the merits of his First Amendment claim that he was demoted in violation of his associational rights, finding of irreparable harm was not abuse of discretion); *754 Orange Ave., Inc.* v. *West Haven,* 761 F.2d 105, 112-113 (2d Cir. 1985) (zoning ordinance's likely infringement of plaintiff's First Amendment rights constituted irreparable harm where city's threat to enforce ordinance operated as a prior restraint on adult bookstores).

The judge concluded, "On balance, any harm that Revere will suffer as a result of the granting of this preliminary injunction does not exceed that which T & D will suffer by being denied its constitutionally protected rights. T & D's submissions indicate, without contradiction, that there are at least three video stores in Revere which offer adult videos for sale or rent, and that are located closer than 1000 feet to res-

idential areas. . . . In light of these stores, Revere is not likely to suffer irreparable harm by the location of an additional store offering adult videos. Moreover, if Revere succeeds in demonstrating the constitutionality of the Adult Entertainment Ordinances at trial, the Ordinances will then be enforced, and T & D will be forced to close down its operations without any claim to 'grandfathered' rights." We agree.

The judge did not abuse her discretion. We affirm the issuance of the preliminary injunction enjoining the defendants from "asserting, enforcing or relying on any provisions of the so-called 'Adult Entertainment Ordinances,' Sections 17.08.065 through 17.08.069 and Section 17.16.045 of the Revere Revised Zoning Ordinance, to prevent, restrict or restrain the plaintiff from opening and operating its store or from selling non-obscene adult videos and related goods at the store."

*So ordered.*