Brassard, J.
This matter was heard before the court on June 23, 1998. The plaintiff, Connolly & Sons, Inc. (“Connolly”), is moving for a preliminary injunction to enjoin the Town of Natick (“Natick”) and the Natick School Committee (“Committee”) from awarding a three year school bus transportation contract to McCarty Limousine Service, Inc. (“McCarty”). For the following reasons, the preliminary injunction is ALLOWED.
BACKGROUND
The facts in this case are undisputed. The relevant facts are as follows: Natick issued an Invitation to Bid on a transportation contract on April 17, 1998. McCarty submitted a bid which did not provide the detailed specifications required by Natick’s Invitation to Bid.[1] McCarty’s bid was the lowest and thereby it stands to be awarded the contract. After the opening of the bids, McCarty changed items in its bid, specifically the types of buses to be provided. Connolly, another bidder, has challenged McCarty’s bid on the grounds that (1) it was nonresponsive, and (2) Natick should not be permitted to award the defendant the contract on an altered bid.
DISCUSSION
I. The Standard
A preliminaiy injunction is warranted if the moving party establishes both a likelihood of success on the merits of the claim, and a substantial risk of irreparable harm in the absence of an injunction. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). If these factors are established, the Court must balance them against the harm that the injunction will inflict on the opposing party, including impact on the public interest. See T&D Video, Inc. v. City of Revere, 423 Mass. 577, 580 (1996). The inquiry should not focus on determining the “raw amount of irreparable harm” each party might suffer, “but rather the risk of such harm in light of the party’s chance of success on the merits.” Packaging Industries Group, Inc. v. Cheney at 617.
II. The Uniform Procurement Act
In this case, the bid process is governed by M.G.L.c. 30B, the Uniform Procurement Act. Section 5(g) of the Act states that the procurement officer shall award the contract to the lowest responsible and responsive bidder. A responsive bidder as defined in §2, is “a person who has submitted a bid which conforms in all respects to the invitation for bids.”
The statute also provides as follows:
*609 The procurement officer shall unconditionally accept a bid without alteration or correction, except as provided in this paragraph. A bidder may correct, modify, or withdraw a bid by written notice received in the office designated in the invitation for bids prior to the time and date set for the bid opening. After bid opening, a bidder may not change the price or any other provision of the bid in a manner prejudicial to the interests of the governmental body or fair competition. The procurement officer shall waive minor formalities or allow the bidder to correct them.
M.G.L.c. 30B, §5(f). Section 2 of that chapter defines “minor informalities” as “minor deviations, insignificant mistakes, and matters of form rather than substance of the bid, proposal, or contract document which can be waived or corrected without prejudice to other offerors, potential offerors, or the governmental body.”
The public policy which drives the competitive bidding statute is promotion of open and honest competition for public contracts. Interstate Engr. Corp. v. Fitchburg, 367 Mass. 751, 758 (1975). The purpose of the bidding statute is “to prevent favoritism, to secure honest methods of letting contracts in the public interest, to obtain the most favorable price, and to treat all persons equally.” Phipps Prod. Corp. v. Massachusetts Bay Transp. Authority, 387 Mass. 687, 692 (1982). Massachusetts courts have required strict adherence to bidding requirements, even in cases where the violation benefits the public. Id. at 692.
The issue before the court is whether McCarty’s post bid alteration is a minor informality which can be waived or a major deviation which cannot be waived. The issue is close, with no indication of manipulation or bad faith on either side. However, the interests of public policy and fair competition require that all parties must be treated equally and all bidders must be required to submit conforming bids. This court concludes that McCarty’s alteration concerns an important element of the Invitation to Bid requirements and therefore cannot be waived by Natick as a minor informality. McCarty’s deviation from the bid specifications is significant, thus the bid is nonresponsive.[2]
Accordingly, the motion for a preliminary injunction is ALLOWED.
ORDER
Natick is ENJOINED from accepting McCarty’s defective bid for the 1998-2001 regular education school bus transportation contract. Natick is ORDERED to proceed in accordance with the statutory requirements set forth in M.G.L.c. 30B.

 Specifically, mileage and condition of buses, as well as the provision of required 28" NY style high seat backs and retractable seat belts.

 During arguments, it became apparent to the court that Connolly’s bid may also have been nonresponsive under Natick’s Invitation to Bid Sec. 1.2(a) because at the time the bid was submitted Connolly did not actually have available by ownership or lease the buses that would be required to execute the contract.