DelVecchio, J.
Plaintiff, one Centre Street, moves pursuant to Mass.R.Civ.P. 65(b) to enjoin the defendant, Robert W. Finnegan, Building Inspector of the city of Brockton (the Inspector), from wrongfully enforcing certain zoning provisions in a manner that denies any permit for internal renovations to the building located at One Centre Street, Brockton. Defendant contends that plaintiff is obligated to exhaust its administrative remedies by appealing the Inspector’s decision, prior to bringing an action before this court. After hearing the parties and reviewing the submissions, the court concludes that the Inspector wrongfully denied plaintiffs permit application and that Inspector should be enjoined from taking any action against any person for work done on the first floor of One Centre Street. Consequently, the plaintiffs motion for a preliminary injunction is GRANTED.
BACKGROUND
On September 15, 1998 plaintiff applied to defendant for a permit to erect interior partitions on the first floor of plaintiffs real property, located at One Centre Street, Brockton, Plymouth County, Massachusetts (the Property). On September 18, 1998 defendant denied the permit. As grounds for the refusal, defendant cites the presence of an allegedly abandoned sign which causes the Property to be “in violation of Sec. 27-68(1) of the City of Brockton Zoning Laws.”
According to its Verified Complaint, plaintiff is under an obligation to have the space on the first floor *543 of the Property ready for occupancy on October 1, 1998. For this reason plaintiff has appealed to this Court through provisions of G.L.c. 40A, §7, to complain of defendant’s allegedly wrongful enforcement of the zoning laws, and to enjoin defendant from taking action against any person for work done on the first floor of the Property. This Court exercises its equitable powers to grant relief as justice requires.
DISCUSSION
Under the well-established test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980), a preliminaiy injunction is warranted when the moving party establishes both a substantial risk of irreparable harm in the absence of an injunction, and a likelihood of success on the merits of the claim. Once these factors are established, the Court must balance them against the harm that an injunction will inflict on the opposing party, and must also consider the impact on the public interest. See T&D Video, Inc. v. City of Revere, 423 Mass. 577, 580 (1996).
Here, plaintiff, in its Verified Complaint, contends that irreparable harm will occur without an injunction because it is under an obligation pursuant to a lease to have the space on the first floor of the Property ready for occupancy on October 1, 1998. Obviously this date has passed and the urgency is even greater for plaintiff to be allowed to complete the internal renovations necessary at the Property. Plaintiff further alleges in its Verified Complaint that the Inspector has threatened “to revoke the license of anyone who works on the premises and to refuse a certificate of occupancy to whomever moves into the space." (Par. 14.)
Plaintiff is likely to succeed on the merits since the permit was wrongfully denied. The Inspector wrongly made issuance of a permit for work on the interior of the building contingent on removal of the sign. Drawing such a nexus between the two is improper, as the issues are mutually exclusive.
A town official charged with deciding whether to issue a permit cannot act in an unreasonable manner. See Castelli v. Board of Selectmen of Seekonk, 15 Mass.App.Ct. 711 (1983). The Inspector acted unreasonably in linking the issuing of a building permit for the interior of the Property with the abandoned sign. The Inspector is authorized to review all applications for permits and to ascertain whether the application impacts adversely on the surrounding area. He did not act in accordance with his powers, instead he attempted to gain leverage in an improper manner. Denial of the permit, without citing other evidence, was wrongful and must be reversed. It would be inequitable to force the plaintiff to pursue an administrative appeal to an individual who has already denied the permit in an arbitrary and capricious manner.
Since this Court has determined that the Inspector acted ultra vires when he denied the permit because of the presence of the abandoned sign, there can be no harm inflicted upon either the authority of the Inspector or the public interest.
Considerations of justice and judicial economy dictate that this court order the Inspector to reverse its denial of the Plaintiffs permit for internal renovations to the Property, and to issue a permit for such work, provided plaintiff is in compliance with any other applicable provisions of Brockton’s zoning by-laws.
ORDER
For the reasons set forth above, the Court hereby ORDERS that the plaintiffs Preliminary Injunction application be ALLOWED. The Building Inspector is hereby enjoined from wrongfully denying issuance of a permit for interior work to be performed at the One Centre Street location. The matter is remanded to the City of Brockton/Inspector for further proceedings consistent with this decision.