Fecteau, Francis R., J.
On February 16, 2005, the Grand Jury for Worcester County returned a one-count indictment against the defendants, Can-Port Amusement Corporation, d/b/a Paris Cinema (hereafter referred to as “Paris Cinema” or “theater”) and Robert J. Hurwitz (“Hurwitz”), charging them with maintaining a nuisance in violation of G.L.c. 139, §§4 and 5. The Commonwealth has also filed a civil complaint pursuant to G.L.c. 139, §6 et seq., seeking a permanent injunction barring the defendants from maintaining a nuisance on the premises. On April 1, 2005, Justice Peter W. Agnes, Jr., issued apreliminaiy injunction ordering the defendants to cease and desist from maintaining a nuisance on the premises [19 Mass. L. Rptr. 211).
*563 This matter is now before the court on motions filed by the defendant to dismiss by which Paris Cinema presents several challenges to the constitutionality of the nuisance statute upon which both actions rest. Paris Cinema moves to dismiss the indictment pursuant to Mass.R.Crim.P. 13, alleging that §§4 and 5 violate its right to due process guaranteed by the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Specifically, the theater contends that the statutoiy terms are so broad, general, and indefinite as to render the nuisance statute void for vagueness. The theater further argues that the nuisance statute violates its right to freedom of expression guaranteed by Article 16 of the Declaration of Rights. In addition, Paris Cinema moves to dismiss the civil complaint pursuant to Mass.RCiv.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Similar to its arguments in support of the criminal motion to dismiss, the theater contends that the nuisance statute not only deprives it of due process, but also impinges upon its right to freedom of expression. The theater also asserts that the complaint fails to state a cause of action because it does not allege sufficient facts to support a claim of lewd conduct.
On May 26, 2005, this Court conducted a consolidated hearing on both motions.[2] For the reasons set forth below, the motions are denied.

BACKGROUND

The motion record reveals the following facts. Paris Cinema, located at 68 Franklin Street in the City of Worcester, is a licensed movie theater that displays adult films and sells sexually explicit materials. Can-Port Amusements Corporation leases the premises at 68 Franklin Street from the owner of the property, co-defendant Hurwitz. Hurwitz does not join Paris Cinema in these motions to dismiss.
On five separate occasions during January and February of 2005,[3] undercover officers from the Worcester Police Department paid a $10.00 admission fee to enter the Paris Cinema. Upon entering the theater, the officers proceeded to the upper and lower levels where adult films are screened. Once inside the screening rooms, the officers observed men openly engaging in sexual conduct. The officers observed men exposing their genitals while the film was being screened, as well as openly masturbating themselves and other men. The officers also observed patrons performing oral sex on one another and engaging in anal sex. The sexual conduct occurred in plain view of the officers and other theater patrons. No customers within the theater appeared to the officers to be shocked or alarmed by this open sexual activity. During the course of the undercover investigation, officers arrested several theater patrons for indecent exposure, committing unnatural acts, and committing lewd and lascivious acts. On each occasion the arrested patrons were escorted out of the theater by police through the front lobby and in view of theater employees.
On February 16, 2005, a Worcester County Grand Jury returned an indictment charging the theater with maintaining a nuisance in violation of G.L.c. 139, §5. On the same date, the Commonwealth filed a complaint pursuant to G.L.c. 139, §6, in the Worcester Superior Court seeking injunctive relief to abate the nuisance alleged by the indictment. Paris Cinema’s motions to dismiss followed.

DISCUSSION

General Laws c. 139, §4, states that “(e]very building, part of a building, tenement or place used for prostitution, assignation or lewdness, and every place within or upon which acts of prostitution, assignation or lewdness are held or occur, shall be deemed a nuisance.” Section 5 provides for a criminal penalty against “(w]hoever keeps or maintains” a nuisance, while §6 authorizes the district attorney to file a civil complaint seeking injunctive relief against the “person conducting or maintaining” the nuisance and the “owner, lessee or agent of the building or place” where the nuisance exists. The Commonwealth does not allege that the theater was used for prostitution or as a place of assignation. Rather, the sole basis for this action is the Commonwealth’s allegation that the defendant permits patrons to enter the theater and engage in acts of “lewdness” as defined by §4. Paris Cinema’s constitutional challenge thus centers on the definition of the term “lewd” contained in the nuisance statute.

I. Vagueness

Paris Cinema’s primary argument is that §4 is unconstitutionally vague because it fails to sufficiently define the term “lewdness.” A law is void for vagueness if persons “of common intelligence must necessarily guess at its meaning and differ as to its application." Commomnealth. v. Jaffe, 398 Mass. 50, 54 (1986), quoting Smith v. Goguen, 415 U.S. 566, 572 n.8 (1974), quoting Connally v. Gen. Const Co., 269 U.S. 385, 391 (1926). Vague laws violate due process because they do not provide individuals with fair notice of the proscribed conduct. Commonwealth v. Jaffe, 398 Mass. 50, 54 (1986), quoting Caswell v. Licensing Comm’n for Brockton, 387 Mass. 864, 873 (1983). Moreover, vague statutes engender the possibility of arbitrary and discriminatory enforcement because they do not limit the discretion that may be exercised by officials. Id. Paris Cinema alleges that it did not receive adequate notice that public sexual conduct, including masturbation, oral sex, and anal sex, constitutes “lewdness” as prohibited by §4, and that the statute lends itself to arbitrary and discriminatory enforcement.
In ordinary usage, the term “lewd” fails to reference sufficiently definite conduct to put the defendant on notice of the prohibited acts. Commonwealth v. Quinn, *564 439 Mass. 492, 500 (2003). A statute containing vague language may be rendered sufficiently definite, however, by “judicial construction, common law meaning, or the statutory history of particular terms.” Commonwealth v. Gallant, 373 Mass. 577, 581 (1977). See Commonwealth v. Quinn, 494 Mass, at 499-500. The statute may therefore be rendered “constitutionally definite by giving it a reasonable construction,” Commonwealth v. Sefranka, 382 Mass. 108, 116 (1980). See Commonwealth v. Quinn, 494 Mass. at 499-500.
The court must consider Paris Cinema’s claim of constitutional vagueness solely in light of the facts and circumstances of the present case. Commonwealth v. O’Connor, 406 Mass. 112, 121 (1989); Commonwealth v. Adams, 389. Mass. 265, 271 (1983). The court does not consider the potential unconstitutionaliiy of the nuisance statute as applied to a hypothetical case, but rather only as applied to the defendant’s alleged conduct. Commonwealth v. Sees, 374 Mass. 532, 535 (1978), quoting Boston Licensing Bd. v. Alcoholic Beverages Control Comm’n, 367 Mass. 788, 794 (1975) (“We do not pass on ‘such questions as whether their possible application in one hypothetical case would render them overbroad and hence invalid in another hypothetical case, how far they are severable, or whether they are underinclusive so as to discriminate unfairly’ ”). Thus, the narrow issue before this Court is whether the term “lewd” has developed a common-law meaning or judicial construction that encompasses the allegations of the Commonwealth as including public exposure of genitalia, masturbation, oral sex, and anal sex.
The concept of “lewdness” has received judicial construction in various contexts throughout our jurisprudence. The crimes of “indecent exposure” and “open and gross lewdness and lascivious behavior,” codified in G.L.c. 272, §53, and c. 272, §16, respectively, both require the Commonwealth to prove, among others, the element of lewd exposure. The crime of open and gross lewdness is “closely similar” to the crime of indecent exposure. Commonwealth v. Fitta, 391 Mass. 394, 396 (1984), quoting Commonwealth v. Broadland, 315 Mass. 20, 22 (1943). Indecent exposure requires “an intentional act of lewd exposure, offensive to one or more persons.” Commonwealth v. Fitta, 391 Mass, at 396, quoting Commonwealth v. Broadland, 315 Mass, at 21-22, quoting Commonwealth v. Cummings. 273 Mass. 229, 231 (1930). An act of “lewd exposure” has been held consistent with exposure of the defendant’s person “naked and uncovered.” Commonwealth v. Broadland, 315 Mass. 20, 21 (1943). More precisely, the “lewd exposure” element of indecent exposure and open and gross lewdness has been construed consistently with exposure of genitalia, Commonwealth v. Arthur, 420 Mass. 535, 539-40 (1995), and public masturbation, Commonwealth v. Adams, 389 Mass. 265, 272 (1983).
Paris Cinema maintains that the Supreme Judicial Court deemed the term “lewd” unconstitutionally vague in Commonwealth v. Quinn, 494 Mass. 492 (2003). Although the Court acknowledged in Quinn that the term “lewd” does not reference sufficiently definite conduct absent judicial construction, it also emphasized that the Court’s “decisions have made clear that the exposure of genitalia may be prohibited by G.L.c. 272, §16.” Commonwealth v. Quinn, 439 Mass. at 500, citing Commonwealth v. Fitta, 391 Mass. at 395-96; Commonwealth v. Adams, 389 Mass. at 271. Contrary to the defendant’s contention, Quinn does not hold that the term “lewd” is unconstitutionally vague with respect to exposure of genitalia. Quinn did not strike down the term “lewd” as unconstitutional, but rather expanded the range of behavior that prospectively could be considered lewd for purposes of G.L.c. 272, §16.
At issue in Quinn was whether the defendant received adequate notice, through judicial construction of the term “lewd,” that he could be prosecuted under G.L.c. 272, §16, for exposing his “thong-clad buttocks” to a group of schoolgirls. While the Court determined that prior decisions did not provide the defendant with adequate notice that his behavior was proscribed by G.L.c. 272, §16, it also declined to limit the offense to the exposure of genitalia, Id. at 499. Rather, the Court determined that exposure of genitalia, buttocks, or female breasts may lead to a conviction for open and gross lewdness provided that the other elements of the crime are met. Id. at 494, 501.
The term “lewd” has also received judicial construction in cases considering the scope of G.L.c. 272, §53, with respect to lewd, wanton, and lascivious persons. The Court has construed this provision as requiring the Commonwealth to demonstrate “(1) that the defendant committed or publicly solicited another person to commit a sexual act; (2) that the sexual act involved touching the genitals or buttocks; (3) that the defendant did this either for the purpose of sexual arousal or gratification, or for the purpose of offending other people; and (4) that the sexual act was committed or was to be committed in a public place; that is, a place where the defendant either intended or recklessly disregarded a substantial risk of public exposure at that time and under those circumstances, to others who might be offended by such conduct.” Commonwealth v. Nebel 59 Mass.App.Ct. 316, 318-19 (2003) (defendant committed sexual act in area where it was reasonably foreseeable that he would be observed by members of the public). See also Commonwealth v. Sefranka, 382 Mass. 108, 117-18 (1980).
The common theme uniting the statutes in which various forms of the term “lewd” appear is a prohibition against exposing genitalia or engaging in sexual conduct in public places. This longstanding judicial construction of the term “lewd,” viewed in light of common understanding and practices, conveys a suf *565 ficiently definite warning to render the nuisance statute constitutionally adequate as applied to Paris Cinema. See Commonwealth v. Fitta, 391 Mass. 394, 396 (1984). In the case at bar, the indictment alleges that Paris Cinema permitted patrons of its theater to engage in public acts of masturbation and what is commonly referred to as oral sex and anal sex. A law is not vague simply because it requires a person to conform his conduct to an imprecise but comprehensible normative standard so that men of common intelligence will know its meaning. Commonwealth v. Orlando, 371 Mass, at 734, quoting Broadrick v. Oklahoma, 413 U.S. 601, 608 (1973); Coates v. Cincinnati, 402 U.S. 611, 614 (1971). Given that statutes containing the term “lewd” have been consistently construed to prohibit public exposure of genitalia, Paris Cinema cannot claim that men of ordinary intelligence would speculate as to whether sexual acts committed in public constitute lewd behavior. Even when the outer boundaries of a law are imprecise, such imprecision does not permit a facial attack on the entire law by one whose conduct falls squarely within the hard core of the law’s proscriptions. Commonwealth v. Orlando, 371 Mass, at 734 (internal quotations omitted). The Commonwealth alleges Paris Cinema permitted its theater patrons to engage in conduct that falls squarely within the longstanding common-law meaning of the term “lewd.” Consequently, Paris Cinema does not prevail on its argument that the nuisance statute is unconstitutionally vague.

III. Overbreadth

Paris Cinema also argues that the nuisance statute is unconstitutionally overbroad on its face because it criminalizes private and consensual sexual activity that is constitutionally protected, observing that the statutory terms do not limit its applicability to public settings. Therefore, the theater argues, the statute must be struck down because it may lead citizens to avoid constitutionally protected conduct out of fear of prosecution. This argument is unavailing for several reasons. First, the defendant cannot mount a facial challenge to the statute where its conduct falls squarely within the statute’s constitutional prohibitions. See Commonwealth v. Sees, 374 Mass. 532, 535 (1978), quoting Boston Licensing Bd. v. Alcoholic Beverages Control Comm’n, 367 Mass. 788, 794 (1975); Commonwealth v. Baithazar, 366 Mass. 298, 302 (1974) (noting the defendant may not “properly rely on the possible unconstitutionality of [G.L.c. 272,] §35 as applied to others"). Second, statutes regulating certain forms of sexual activity have been consistently construed to prohibit only sexual conduct that is public or nonconsensual. Last, the theater is not charged with performing the prohibited sexual acts; rather, it is charged with maintaining a public nuisance utilized for the commission of lewd acts.
Paris Cinema argues that the statute is overbroad because it embraces behavior recognized in Lawrence v. Texas, 539 U.S. 558 (2003), to be constitutionally protected by the right to privacy intrinsic to substantive due process. In Lawrence, the Supreme Court struck down a Texas statute criminalizing homosexual sodomy. In striking down the statute, the Court declared that the “State cannot demean [the petitioners’] existence or control their destiny by making their private sexual conduct a crime.” Lawrence, 539 U.S. at 578. The Court premised its analysis, however, on the critical facts that the petitioners were adults and that their conduct was private and consensual. Id. at 564, 578 (“The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution.”). Lawrence, at 578 (emphasis added).
While the defendant is correct to observe that the nuisance statute, on its face, does not distinguish between public and private conduct, Massachusetts statutes regulating various forms of sexual activity have been invariably construed by the appellate courts as applying solely to public conduct. In Gay & Lesbian Advocates & Defenders v. Attorney General, 436 Mass. 132 (2002), the Supreme Judicial Court extended a line of precedent holding that statutes criminalizing sexual conduct do not apply to private, consensual conduct between adults, citing with approval Commonwealth v. Ferguson, 384 Mass. 13, 16 (1981), which declared G.L.c. 272, §35, prohibiting unnatural and lascivious acts, applicable only to public conduct. Gay & Lesbian Advocates, 436 Mass. at 133. The Court also noted that the purpose of §35 is “to prevent the ‘possibility that the defendant’s conduct might give offense to persons present in a place frequented by members of the public’... However, the statute is not designed to punish persons who desire privacy and who take reasonable measures to secure it.” Id. at 133, quoting Commonwealth v. Ferguson, 384 Mass. 13, 16 (1981), quoting Commonwealth v. Scagliotti, 373 Mass. 626, 628 (1977). See Commonwealth v. Balthazar, 366 Mass. 298, 302 (1974) (§35 must be construed to be inapplicable to private, consensual conduct of adults).
In the present case, the alleged lewd conduct occurred in a public place. Those engaging in the alleged conduct were observed by plain-clothes police officers who entered the theater and who would have appeared to those committing the sexual acts simply as other patrons. The officers’ presence did not deter those engaged in the sexual activity, who disregarded the risk of exposure to the other persons who would observe them. Conduct may be considered public when the defendant recklessly disregards a substantial risk of exposure to one or more persons. Gay & Lesbian Advocates, 436 Mass, at 135, quoting Commonwealth v. Ferguson, 384 Mass. 13, 16 (1981). Conduct may also be considered public when its observance by a casual passerby is reasonably foresee *566 able. Id. “It is unavailing to compare a theater open to the public for a fee, with the private home of Stanley v. Georgia, 394 U.S. 557, 568 (1969), and the marital bedroom of Griswold v. Connecticut, 381 U.S. 479, 485-86 (1965).” Paris Adult Theatre I v. Slaton, 413 U.S. 49, 65 (1973). Comparison is likewise unavailing to private rooms in a hotel.
A criminal law is overbroad if it punishes activities which are constitutionally protected and it cannot be enforced against any defendant until or unless a limiting construction or partial invalidation narrows its scope so that it does not threaten protected expression. Commonwealth v. Orlando, 371 Mass. 732, 733 (1977) (cited cases omitted). “However, a defendant cannot mount a challenge that a law is facially over-broad when a limiting construction has been applied to the challenged law.” Commonwealth v. Orlando, 371 Mass. 732, 733 (1977), citing Broaderick v. Oklahoma, 413 U.S.601, 613 (1973). The statute has been limited by judicial construction to apply only to public conduct that is not constitutionally protected. Consequently, Paris Cinema’s overbreadth argument fails.

III. First Amendment Considerations

Paris Cinema is a purveyor of constitutionally protected, sexually explicit films, books, and magazines. The theater alleges that the Commonwealth is employing the nuisance statute as a pretext for closing its business. Thus, Paris Cinema argues, the nuisance statute impermissibly interferes with its right to freedom of expression guaranteed by the First Amendment of the United States Constitution and art. 16 of the Massachusetts Declaration of Rights. Paris Cinema therefore asserts that the Commonwealth may only attempt to close its business when closure is the least restrictive means available.
Paris Cinema misapprehends the nature of the relief requested by the Commonwealth in this case. The Commonwealth is not requesting closure of the theater, but abatement of the nuisance occurring therein. This Court has previously observed that an attempt to close the theater or other interference with the theater’s ability to screen and sell non-obscene, sexually explicit materials would be inconsistent with the theater’s constitutionally protected right of freedom of expression. In his Memorandum of Decision and Order on Commonwealth’s Motion for Preliminary Injunction, Justice Agnes stated: “so long as an injunction is fashioned in such away that it (1) prohibits only the unlawful activity taking place inside the theater, and (2) does so without confiscating personal property or closing down the theater and employs the least restrictive methods to accomplish this goal, it is consistent with the demands of both the First Amendment to the United States Constitution and the corresponding provisions of the Massachusetts Declaration of Rights.” [19 Mass. L. Rptr. 211] However, the two actions before this Court concern the public sexual conduct occurring within the theater, not the films being shown there.
The conduct at issue here, public sex acts, is not constitutionally protected expressive conduct. See Arcara v. Cloud Books, Inc., 478 U.S. 697, 705 (1986). The theater may not “claim special protection from governmental regulations of general applicability simply by virtue of [its] First Amendment protected activities.” Id at 705. This Court will not indulge the “fallacy of seeking to use the First Amendment as a cloak for obviously unlawful public sexual conduct by the diaphanous device of attributing protected sexual attributes to that conduct.” Id.
At oral argument Paris Cinema offered Mendoza v. Licensing Board of Fall River, 444 Mass. 188 (2005), for the proposition that a clear statute may be “over-broad if in its reach it prohibits constitutionally protected conduct.” Mendoza, 444 Mass, at 200, quoting Planned Parenthood League of Mass. Inc. v. Operation Rescue, 406 Mass. 701, 715 (1990), quoting Groyned v. Rockford, 408 U.S. 104, 114 (1972). Paris Cinema analogizes Mendoza to the case at bar and argues that the closure of the premises for maintenance of a nuisance would impermissibly restrict its right to freedom of expression. The theater’s argument ignores the distinction to be drawn between the conduct under review in Mendoza, i.e. nude dancing, and that in the case at bar, to wit: public sex acts.
In Commonwealth v. Mendoza, 444 Mass. 188 (2005), the owner of a bar and entertainment establishment brought an action challenging the City of Fall River’s indecency ordinance which prohibited nude dancing. Under art. 16 of the Massachusetts Declaration of Rights, nude dancing enjoys constitutional protection as a form of expression. Mendoza, 444 Mass. at 196, citing Cabaret Enters., Inc. v. Alcoholic Beverages Control Comm’n, 393 Mass. 13, 15-17 (1984); Commonwealth v. Sees, 374 Mass. 532, 537-38 (1978). In Mendoza, the Court concluded that art. 16 is more protective of nude dancing than the First Amendment. Mendoza, 444 Mass. at 201 (concluding precedent interpreting art. 16 unchanged by Supreme Court’s holding in City of Erie v. Pap’s A.M d/b/a “Kandyland,” 529 U.S. 277 (2000)).
Overbreadth applies when it may be potentially applied to the expression of others. Commonwealth v. A Juvenile, 368 Mass. 580, 585 (1975). While nude dancing constitutes expressive conduct shielded by art. 16, public sex acts have no expressive component and therefore do not enjoy similar constitutional protection. Therefore, Paris Cinema’s assertion of its right to freedom of expression as a basis for an overbreadth challenge to the nuisance statute is not persuasive because the statute does not seek to suppress constitutionally protected expressive conduct.

*567
IV. Sufficiency of the Evidence

Having upheld the constitutionality of the nuisance statute in this case, I turn to consideration of the Paris Cinema’s contention that the Commonwealth has not set forth sufficient evidence to advance an allegation of lewdness as defined by §4. In support of this argument, the theater emphasizes that the Commonwealth has not offered any evidence that other theater patrons were shocked or alarmed by the sexual activity the Commonwealth alleges was taking place. The theater asserts that the alleged lewd behavior must shock and alarm an observer to fall within the definition of “lewdness” set forth in Quinn.
The “shock and alarm” requirement is not contained within the definition of “lewdness,” but rather constitutes an additional element distinguishing the misdemeanor of indecent exposure from the felony of open and gross lewdness. A conviction of open and gross lewdness requires the Commonwealth to prove that the defendant’s conduct was committed in such a manner as to produce alarm and shock. Commonwealth v. Fitta, 391 Mass, at 396. “This element of the crime of open and gross lewdness is not required for indecent exposure.” Id. at 396-97. While an act of lewd exposure has been construed consistently with exposure of the genitals, a conviction for open and gross lewdness requires the Commonwealth to also prove “intention, manner (done in such a way as to produce alarm or shock), and impact (does in fact alarm or shock).” Commonwealth v. Quinn, 439 Mass, at 496. The notion of “shock and alarm” comprises distinct elements of the offense of open and gross lewdness, as distinguished from the common-law definition of lewd conduct. The Commonwealth is not required to demonstrate that any theater patrons were shocked and alarmed by the alleged conduct in order to support its claim that the Paris Cinema was maintaining a nuisance as defined by G.L.c. 139, §4.

ORDER ON MOTIONS

For the foregoing reasons, the defendant Can-Port Amusement Corporation’s Motion to Dismiss the indictment in Criminal Action No. 05-0318, pursuant to Mass.R.Crim.P. 13 is hereby DENIED. In addition, the defendant Can-Port Amusement Corporation’s Motion to Dismiss the complaint in Civil Action No. 05-0295, pursuant to Mass.RCiv.P. 12(b)(6) is also DENIED.

At the request of the parties, and due to the grounds common to both motions, a consolidated hearing was conducted.

Nhe dates relevant to the motion to dismiss include the following: January 5, 2005; January 14, 2005; January 15, 2005; January 29, 2005; and February 3, 2005.